755 So.2d 569 (2000)
Earl SHERROD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00774-COA.
Court of Appeals of Mississippi.
February 22, 2000.
*570 Katherine P. Stuckey, Greenwood, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
DIAZ, J., for the Court:
¶ 1. Earl Sherrod appeals the decision of the Leflore County Circuit Court convicting him of molestation under Mississippi Code Annotated Section 97-5-23. Sherrod raises only one issue in his appeal: whether the trial court erred by not granting a peremptory instruction to the jury or, in the alternative, granting a judgment notwithstanding the verdict as the State failed to provide sufficient evidence to support the verdict. Finding no merit to his argument, we affirm the conviction below.

FACTS
¶ 2. On August 15, 1997, Earl Sherrod entered Jane Doe's[1] house while under the influence of alcohol. Jane testified that Sherrod sent the two young children who were at the house to bed and then fondled her genitalia and breasts. He also attempted to remove her pants. According to Jane, she screamed and told Sherrod to leave her alone saying, "Go on boy, go on." Jane's granddaughter Mary testified that she heard screams and jumped out of a bedroom window and ran to her great-grandfather's house and told him that she thought her grandmother was being raped.
¶ 3. Jane suffers from Huntington's disease which she has endured for eleven years. At the time of the molestation, she was physically unable to stop Sherrod from touching her nor could she push him away. Sherrod claims that he was helping *571 Jane get up from the floor where she had fallen. He testified that he did not fondle Jane or touch her in an inappropriate manner.
¶ 4. Sherrod contends that his desire to take a blood test to determine the paternity of Jane's grandson motivated Jane to accuse him of molesting her. Before the incident, Sherrod maintained a relationship with Ann, Jane's daughter, which produced two children. As to the youngest child, Sherrod states that Ann told him that the child was not his although she wanted Sherrod to support the baby. Nevertheless, the blood test established Sherrod as the father of Ann's youngest son.
¶ 5. Sherrod was indicted for touching the body of Jane, a physically helpless person, for the gratification of his lust. After a jury trial, the jury returned a guilty verdict.
WHETHER THE TRIAL COURT ERRED BY NOT GRANTING A PEREMPTORY INSTRUCTION TO THE JURY OR, IN THE ALTERNATIVE, GRANTING A JUDGMENT NOTWITHSTANDING THE VERDICT AS THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO SUPPORT THE VERDICT
¶ 6. Earl Sherrod contends that he did not molest Jane Doe, a physically helpless woman. Instead, he asserts that he was trying to help her get up from where she had fallen on the floor. He appeals the denials of his motion for directed verdict, his request for a peremptory instruction, and his motion for judgment notwithstanding the verdict.
¶ 7. The standard of review utilized when considering a motion for a judgment notwithstanding the verdict on appeal is as follows:
The motion for judgment of acquittal notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict of guilty. It is a renewal of the evidence supporting the verdict of guilty. It is a renewal of the defendant's request for a peremptory instruction made at the close of all the evidence. It asks the court to hold, as a matter of law, that the verdict may not stand.
May v. State, 460 So.2d 778, 780-81 (Miss. 1984).
¶ 8. After a defendant makes a motion for a JNOV, the trial court must consider all of the evidence-not just the evidence which supports the State's case-in the light most favorable to the State. Id. at 781. The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Glass v. State, 278 So.2d 384, 386 (Miss. 1973). If the trial judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict or JNOV. Id. If he concludes that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. Id. This Court's scope of review is limited to the same examination as that of the trial court in reviewing the motions for a peremptory instruction, directed verdict, or JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. Blanks v. State, 542 So.2d 222, 225-26 (Miss.1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 9. Sherrod was indicted and convicted under Mississippi Code Annotated Section 97-5-23(1) which states in pertinent part that:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or *572 her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in Section 97-3-97[2], shall be guilty of a felony.
¶ 10. We are bound to follow the standard of review set forth for an appellate court. Here, legally sufficient evidence was presented at trial to find Sherrod guilty beyond a reasonable doubt. The State made out its prima facie case by putting into evidence Jane's testimony that identified Sherrod as the person who fondled her breasts and genitalia and that she suffered from Huntington's, a physically debilitating disease. Jane's granddaughter and father also testified. Mary testified that Sherrod came to her house and told her to go to bed. Mary stated that she went to her room and pretended to sleep until she heard her grandmother say loudly, "Go on boy, go on," at which point she jumped out of the window and told her great-grandfather that Sherrod was raping Jane. Jane's father testified that she was on the couch and looked upset when he arrived but that nothing else seemed unusual. Since the State put forth sufficient, credible evidence, the trial judge was required to leave the final decision of guilt or innocence to the jury. We affirm the trial judge's ruling with regard to the motion for a JNOV.

B. Weight of the Evidence
¶ 11. The next motion we will review is that for a new trial. This goes to the weight of the evidence and not its sufficiency. In reviewing this claim, this Court must examine the trial judge's denial of Sherrod's motion for a new trial. Jones v. State, 635 So.2d 884, 887 (Miss. 1994). The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. May, 460 So.2d at 781. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion. Veal v. State, 585 So.2d 693, 695 (Miss.1991). The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. Id. Likewise, the reviewing court may not reverse unless it finds there was an abuse of discretion by the lower court in denying the defendant's motion for a new trial. Id. Upon reviewing all of the evidence as noted by the facts of this case, even those that conflict, and when presented in the light most consistent with the verdict, we find that the trial judge did not abuse his discretion in denying Sherrod's motion for a new trial. Accordingly, we dismiss this assignment of error as lacking in merit.
¶ 12. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF MOLESTATION UNDER MISSISSIPPI CODE ANNOTATED SECTION 97-5-23 AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED, SUPERVISED PROBATION FOR 2 YEARS AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEFLORE COUNTY.
*573 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The names of the victim and members of her family have been changed to protect their identity.
[2] A "physically helpless person" is defined by Section 97-3-97 as "one who is unconscious or one who for any other reason is physically incapable of communicating an unwillingness to engage in an act."