FAIR, J.,
for the Court:
¶ 1. Michael Eugene Davis was convicted of armed robbery as a habitual offender and sentenced to life in the Mississippi Department of Corrections. He appeals asserting that the trial court erred in admitting his involuntary confession. Finding no error, we affirm.
FACTS
¶ 2. Davis was arrested by Tennessee police after being involved in an automobile accident near Memphis. After his release from the hospital, the authorities interrogated Davis holding him for around fifteen hours in connection with other charges.
¶ 3. Detective Roger Hutchins of Desoto County arrived in Memphis and interrogated Davis for approximately twelve minutes. During this interview, Davis confessed to robbing the front desk clerk of a Ramada Inn in Horne Lake, Mississippi, with a toy gun. Davis admitted heavy prior drug abuse and indicated that his memory of recent events was unclear. At the suppression hearing, Davis asserted that he was intoxicated during the interrogation and had used heroin prior to his arrest.
¶ 4. Detective Hutchins asked Davis several questions that included facts about the robbery in Horne Lake. Davis claimed he remembered the incident and described specific details about the desk clerk’s appearance, the car he used, and how he went into the bathroom before robbing the clerk. Throughout the brief interview, Davis alternated between claiming he could not remember and recalling specific facts.
¶ 5. Prior to trial, Davis presented a motion in limine to suppress his confession as involuntary due to his voluntary drug use and recent head injury. The trial judge heard testimony from Detective Hutchins and Davis and ultimately denied the motion. Davis now appeals asserting the trial judge erred in admitting his confession.
STANDARD OF REVIEW
¶ 6. The trial court sits as the finder of fact when determining if a confession was intelligently, knowingly, and voluntarily given. Pannell v. State, 7 So.3d 277, 281 (¶ 8) (Miss.Ct.App.2008). We can reverse that determination only upon finding manifest error, that the trial court applied an incorrect legal standard, or that the determination is contrary to the overwhelming weight of evidence. Glasper v. State, 914 So.2d 708, 716-17 (¶ 21) (Miss. 2005).
ANALYSIS
¶ 7. If a statement is the product of the accused’s free and rational choice when viewed under the totality of the circumstances, it was given voluntarily. Marshall v. State, 812 So.2d 1068, 1072 (¶ 9) (Miss.Ct.App.2001) (quoting Greenlee v. State, 725 So.2d 816, 826 (¶ 26) (Miss. 1998)). It is the State’s burden to establish, beyond a reasonable doubt, a prima facie case that a statement was given voluntarily. Lott v. State, 844 So.2d 502, 504 (¶ 4) (Miss.App.2003) (citing Cox v. State, 586 So.2d 761, 763 (Miss.1991)). This can be proven though testimony of an officer or other witness. Id. The defendant must then rebut the State’s prima facie case with testimony of violence, threats, or offers of reward that induced the confession. Id.
*361 ¶ 8. Evidence of intoxication does not automatically render a confession inadmissible; it depends on the degree of intoxication. Kircher v. State, 758 So.2d 1017, 1026 (¶ 37) (Miss.1999) (citing Johnson v. State, 511 So.2d 1360, 1365 (Miss. 1987)). “The evidence must show that the defendant was so affected as to make his statement ... unreliable or involuntary.” United States v. Taylor, 508 F.2d 761, 763 (5th Cir.1975).
¶ 9. Ultimately, voluntariness is a question of credibility. Where there is conflicting evidence, this Court must affirm the trial court’s judgment as long as it applied the appropriate legal standards. Marshall, 812 So.2d at 1072 (¶ 8) (citing Crawford v. State, 716 So.2d 1028, 1039 (¶ 39) (Miss.1998), overruled on other grounds).
¶ 10. Here, the State made out a prima facie case of voluntariness through the testimony of Detective Hutchins. Davis failed to meet his burden of showing that the confession was involuntary. He presented no testimony of violence, threats, or offers of reward that induced his confession.
¶ 11. Initially, we observe that during his interview with Detective Hutchins, Davis had at least fifteen hours to sober up assuming he used heroin immediately prior to his arrest. Even so, his mental faculties seem to have been functioning well enough to wonder if he and Detective Hutchins had met a year or so prior in connection with another investigation. Evidence also showed that Davis remembered specific details from the robbery and described the appearance of the desk clerk. At the suppression hearing, Detective Hutchins testified that he believed Davis was being evasive during the interview, only giving certain pieces of information in an effort to control his exposure.
¶ 12. As the finder of fact, the trial court applied a totality-of-the-circumstances analysis and deemed Davis’s confession to be voluntary. This determination is supported by the evidence. Accordingly, we find no error in admitting the confession.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.