## McNeese v. Conwill et al.

(Division B. Nov. 23, 1936. Suggestion of Error Overruled Jan. 18, 1937.)

[170 So. 678. No. 32408.]

428

J. W. P. Boggan, of Tupelo, for appellant.

**C. R. Bolton** and **Noel Monaghan,** both of Tupelo, for appellees.

430

**Griffith, J.**, delivered the opinion of the court.

On June 27, 1928, D. W. Finney of Lee county, in this state, made his last will, the pertinent parts of which were in the following language:

"Item I. I direct that all my just debts, be paid first.

"Item II. I give devise and bequeath to.my wife Bettie Finney all of my estate and property real and personal and mixed.

"Item III. It is my will and desire that at the death of my wife Bettie Finney the remaining property, real, personal or mixed shall go to my nephew, Frank Finney and his wife, I am doing this for the kindness and affection they have shown me in my last year and for the kindness they have shown my wife, Bettie Finney, who's health has been bad for several years, and that I believe Frank Finney and his wife Maudie Finney will take care of my wife in her declining years.

"I make this my last will and Testament of my own free will, and I have not been influenced by any one.

"Item IV. I hereby appoint Frank Finney Executor of this Will without having to enter into bond, that he need not make any report to the court."

Mr. Finney's wife, Bettie, mentioned in the third item of the will, was a non compos mentis. There were no

children. The ultimate devisees mentioned in said third item did not take care of the afflicted wife of the testator, after his death, and it was necessary that a guardian be appointed and that an allowance be made to the guardian for the support and care of the wife, Bettie Finney. She had some small separate property of her own, but the income of that property, together with the income from the devised property, was not sufficient to cover the allowance for her care and support. Bettie Finney survived until February 6, 1935, and it has been found that a balance in excess of one thousand dollars is due the guardian for the care and support of the deceased wife, and the guardian has petitioned for the sale of the devised land so as to pay said balance out of the proceeds; and the ultimate devisees have resisted on the ground that the said balance should be paid out of the separate property owned by the deceased wife, Betty, in her own right. The chancellor held to the latter view, and this appeal has resulted.

The solution of the question before us turns upon the issue whether the will created a testamentary trust in favor of the wife in and upon the devised land and as against the ultimate devisees. Wills containing provisions for the care and maintenance of another or others have frequently been before the courts, and although there is an apparent want of harmony among the decisions, such provisions have, in many cases, been held to create trusts although no express technical words were used. 69 C. J., pp. 735, 736. It is true that when express words are absent, courts must exercise due caution that words asserted to be the equivalent thereof shall not be pressed too far; nevertheless, the holdings have been generally to the effect that such a testamentary trust will arise when the intention is reasonably manifest or well inferable from the entire language, viewed in the light of all the surrounding circumstances. 69 C. J., p. 740. And so it is that words which on their face would seem to express only a wish or hope or expectation or

confidence have often been held, when taken in connection with all the surrounding facts, to make the devisee a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with sufficient clearness and certainty both the subject-matter and the objects of the intended trust. 28 R. C. L., p. 243. A leading case wherein the applicable principles were discussed at some length is Lucas v. Lockhart, 10 Smedes & M. 466, 48 Am. Dec. 766; and there is an elaborate annotation and review of the cases in 49 A. L. R. beginning at page 10.

In the present case, the husband, the testator, died within a few days after his will was executed. It is fair to presume that the will was written in the contemplation of the near approach of death. As already mentioned, he and his wife had no children and she was a helpless non compos mentis. Nothing during those closing days could have been more within his purpose than that the afflicted wife, soon to be left behind, should be provided with assurances of the care of those who would come nearest as of their own children; and the facts, as well as the recitals of the will, point to the ultimate devisees as those persons—as it then appeared to the mind and thought of the testator. It was naturally his desire and purpose that the ministrations of care and support to the wife should be that care which would include the inestimable elements of an affectionate solicitude; and the testator had reached that age of maturity which enabled him to understand and estimate that general characteristic of human nature which would suggest the likelihood that a more generous solicitude and affectionate kindness would be better assured when the expectation of the testator is couched in words of an abiding belief or confidence that the devisees will meet those expectations, rather than were the requirement stated in positive words of condition or imperative command, such as would be addressed to strangers; and thus, in such a situation as we have here before us, expressions

of confidence and expectation are the equivalent in the law of wills to a mandatory condition; and in this particular case this view is strengthened when it is observed that one of the ultimate devisees, the husband of the other devisee, was named in the will as executor without bond, the will dispensing also with reports on his part to the court.

It is the husband's duty to support his insane wife; and so long as he is able to do so no resort may be had to her separate estate. It follows that when the husband has created a trust for her care that trust must be applied in exoneration of her separate estate. 16 Am. & Eng. Ency. Law (2 Ed.), p. 596; 32 C. J., p. 686. We are therefore of the opinion that the devised property must stand charged with the monetary value, measured according to legal standards, of the care which should have been devoted to the wife for that period from the time when the ultimate devisees ceased to care for her down to her death; the term "take care" to include proper and sufficient food reasonably well prepared, comfortable housing and other suitable domestic comforts, all, and so far as, in keeping with the station in life occupied by the parties, including also the value so far as may be estimated in money of the nonexpert personal attention to and watchfulness over a person afflicted as in this case, and which and so far as under the circumstances of the entire case it may be safely said that the testator expected to be devoted to said wife, and which the ultimate devisees should reasonably have understood was by the testator expected of them. What further or other items, if anything, may be charged, we do not decide, those matters not having been discussed by the parties in their briefs, and doubtless have not yet been brought to the particular attention of the chancellor.

Reversed and remanded.