# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-01968-SCT

*IN THE MATTER OF THE ESTATE OF BOBBYE*
*N. BRILL, DECEASED AND ANNIE HOBSON*
*NICHOLS, DECEASED: FRANK NICHOLS*

*v.*

*SHIRLEE N. PHILLIPS AND KATHRYN*
*KENNINGTON*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2009 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | RHETT R. RUSSELL |
| | CLARENCE MCDONALD LELAND |
| | W. O. DILLARD |
| ATTORNEYS FOR APPELLEES: | ROBERT DAVID MARCHETTI |
| | CAMILLE HENICK EVANS |
| | GREGG A. CARAWAY |
| | JOSHUA P. HENRY |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 12/15/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Frank Nichols, individually and as executor of Annie Hobson Nichols's estate, petitioned the Chancery Court for the First Judicial District of Hinds County to remove his sister, Shirlee Phillips, and Kathryn Kennington as coadministratrixes of the estate of his other sister, Bobbye Brill. The chancellor denied Frank's petition. The chancellor also

found that Bobbye's will created a condition precedent, which Shirlee must perform in order to receive the residuary estate. Frank appealed the chancellor's judgment, and we assigned this case to the Court of Appeals. In due course, the Court of Appeals, finding no error, affirmed the judgment of the chancery court. ***Nichols v. Phillips***, ___ So. 3d ___, 2010 WL 6200776 (Miss. Ct. App. Mar. 22, 2011). This Court granted Frank's Petition for Writ of Certiorari. ***Nichols v. Phillips***, 69 So. 3d 767 (Table) (Miss. 2011). We now consider whether the Court of Appeals erred in affirming the judgment entered by the Chancery Court for the First Judicial District of Hinds County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     Bobbye Brill died testate on April 1, 2004. She was survived by her mother, Annie Nichols, and her brother and sister, Frank Nichols and Shirlee Phillips, respectively. Brill's holographic will states:

> I, Bobbye Brill, leave my home and contents to my sister, Shirlee Phillips. My Thunderbird car I leave to my brother, Frank Nichols. The remainder of my estate I leave to my sister, Shirlee Phillips, with the understanding she will take care of my mother, Annie Nichols. Please be sure this is carried out.

The will was executed on March 10, 2004, and was witnessed by Charles DeKay and Mac Kennington, Jr.

¶3.     The chancery court appointed Phillips and Kathryn Kennington as coadministratrixes of Brill's will. On June 16, 2004, Frank filed a caveat against the probate of Brill's will, contending that Brill did not have testamentary capacity at the time she executed her will and that it was the product of Phillips's undue influence. On January 11, 2005, Annie Nichols

2

died testate. Frank was appointed executor of Annie's estate. He then filed a motion to discharge Phillips and Kennington as coadministratrixes, claiming that Phillips had breached her fiduciary duty by using her position to benefit herself personally.

¶4. The chancellor entered an order on February 9, 2006, finding that Phillips had not breached her fiduciary duty as coadministatrix of Brill's will. On May 8, 2007, the chancellor entered a final judgment and order, finding that Brill had testamentary capacity on the date her will was executed and that the holographic will was valid.

¶5. On May 23, 2007, Frank filed a petition for construction of Brill's will, requesting that the chancellor construe the final two sentences of Brill's will as either: (1) creating a testamentary trust benefitting Annie, with the residuary passing as intestate property; or (2) void due to the lack of termination date for the proposed trust. Two days later, on May 25, 2007, Phillips and Kennington filed a similar petition, requesting that the chancellor construe the last two sentences as creating a residuary bequest to Phillips. On August 23, 2007, Frank filed another motion to remove Phillips and Kennington as coadministratrixes, contending that they had used their fiduciary positions to seek personal gain for Phillips to the detriment of other beneficiaries of Brill's will.

¶6. On November 19, 2007, the chancellor entered an order finding that the third sentence of Brill's will "leaves the remainder of the Decedent's estate to her sister, Shirlee N. Phillips, on the condition that she take care of her mother, Annie Nichols." The chancellor also found that "the final sentence of the Will . . . refers to each and every prior provision of the Will" and that "the third sentence of the Will makes very clear that if Shirlee Phillips took care of

3

her mother, Annie Nichols, then Shirlee Phillips would be entitled to the remainder of the Decedent's estate." In this same order, the chancellor set an evidentiary hearing for February 5, 2008, to determine if Phillips had taken care of Annie, and thus had fulfilled the condition in Brill's will.

¶7.     After the hearing, the chancellor entered an order on June 3, 2008, essentially finding that Phillips had fulfilled the condition in Brill's will and that Phillips should receive Brill's residual estate. The order states, in part:

> The Court finds that the Testatrix intended Shirlee Phillips to receive her residuary estate, but that she also intended for Phillips to care for their mother. Phillips is an intended beneficiary, and the residuary bequest should be upheld. The evidence shows that Phillips did render such reasonable and appropriate care to her mother and thus fulfilled the condition in the Will. Contestant Frank Nichols failed to present sufficient evidence to establish that Shirlee Phillips did not "*take care of* " her mother, Ann Nichols. Therefore, Phillips is entitled to receive the entire residuary estate of Bobbye N. Brill.

(Emphasis original.) Frank then filed a petition for interlocutory appeal with this Court, contesting the chancellor's interpretation of the will. We denied the petition.

¶8.     On April 14, 2009, another hearing was held to determine the merits of Frank's petition to remove Phillips and Kennington as coadministratrixies. The chancellor denied the petition, finding that no partiality resulted from Phillips's dual role as fiduciary and beneficiary. On June 8, 2009, upon petition of Phillips and Kennington, the chancellor waived all annual accountings and the final accounting. On November 16, 2009, the chancellor entered a judgment closing Brill's estate.

4

¶9.    Frank appealed the chancellor's judgment, and the case was assigned to the Court of Appeals. *Nichols v. Phillips*, 2010 WL 6200776 (Miss. Ct. App. March 22, 2011).

## PROCEEDINGS IN THE COURT OF APPEALS

¶10.    On appeal, Frank contended that the chancery court had erred in not enforcing bond, inventory, voucher, and accounting requirements; in not removing Phillips and Kennington as coadministratrixes; and in interpreting the will. *Nichols*, 2010 WL 6200776 at *1, ¶1. In response, Phillips and Kennington claimed that the appeal was untimely. *Nichols*, 2010 WL 6200776 at *2, ¶11. The Court of Appeals held that the appeal was timely and affirmed the chancery court's judgment, finding that the chancellor did not err by: not enforcing bond, inventory, or accounting requirements; not removing Phillips and Kennington as coadministratrixes; and finding that Brill's will had created a conditional bequest. *Nichols*, 2010 WL 6200776 at **2-5, ¶¶11-23. Frank filed a motion for rehearing, which the Court of Appeals denied.

¶11.    Frank then filed a Petition for Writ of Certiorari with this Court, which we granted. *Nichols v. Phillips*, 69 So. 3d 767 (Table) (Miss. 2011).

## DISCUSSION

¶12.    In his petition, Frank contends that the Court of Appeals failed to conduct a de novo review of whether the chancellor's construction of Brill's will – namely, whether the chancellor erred in finding that Brill's will created a condition precedent. We agree with Frank's contention and granted his petition on these grounds. Frank also claims in his petition that the Court of Appeals erred in affirming the chancellor's judgment that Phillips

5

had fulfilled the condition precedent; in denying Frank's motions to remove Phillips and Kennington as coadministratrixes; and in refusing to require bond, inventory, and accounting. We find no error in the Court of Appeals' analysis of these issues.[1] Accordingly, we address only the issue of whether Brill's will created a condition precedent.

## WHETHER THE LANGUAGE OF BRILL'S WILL CREATED A CONDITION PRECEDENT.

### A.    *Standard of Review*

¶13.    Trial courts are entitled to deferential review in matters involving questions of fact. *Estate of Griffith v. Griffith*, 30 So. 3d 1190, 1193 (Miss. 2010) (citing *Yarbrough v. Camphor*, 645 So. 2d 867, 869 (Miss. 1994)). As such, this Court applies a manifest-error standard to a chancellor's finding of facts. *Estate of Griffith*, 30 So. 3d at 1193 (citing *Goode v. Village of Woodgreen Homeowners Ass'n*, 662 So. 2d 1064, 1070-71 (Miss. 1995)). When reviewing a chancellor's legal findings, however, the Court employs a de novo standard of review. *Estate of Griffith*, 30 So. 3d at 1193 (citing *In re Last Will & Testament of Carney*, 758 So. 2d 1017, 1020 (Miss. 2000)). Questions of will construction – i.e., the existence of a conditional precedent – are questions of law and are reviewed under a de novo standard. *See In re Carney*, 758 So. 2d at 1020 ("[T]he proper standard for reviewing a chancellor's application of the rules of construction in wills and estates cases is

---

[1]While we agree with the analysis, including the chancellor's finding that Phillips "did render such reasonable and appropriate care to her mother," Annie Nichols, our disagreement with both the chancellor and the Court of Appeals is on the issue of whether the language of the will created a condition precedent.

6

de novo review applicable to all questions of law decided in chancery court."); ***Estate of Homburg***, 697 So. 2d 1154, 1157 (Miss. 1997).

### B. The Court of Appeals' Opinion

¶14. The Court of Appeals' opinion began by stating correctly that the standard of review is de novo. ***Nichols v. Phillips***, 2010 WL 6200776 at *4, ¶20. But a reading of the Court of Appeals' opinion reveals that it did not, however, conduct a de novo review. Rather, the Court of Appeals discussed the chancellor's findings that the will was unambiguous, that it created a "conditional bequest," and that Phillips had fulfilled the condition and was entitled to the remainder of Brill's estate. ***Nichols***, 2010 WL 6200776 at *4, ¶¶21-22. Then, the Court of Appeals cited ***Pace v. Pace***, 24 So. 3d 325, 331 (Miss. Ct. App. 2009), for the proposition that an appellate court will not disturb a chancellor's *factual determination* that a condition has been satisfied absent an abuse of discretion. ***Nichols***, 2010 WL 6200776 at *4, ¶22. The opinion also cites ***In re Bradley's Estate v. Graham***, 187 Wash. 221, 59 P. 2d 1129 (1936), and ***McNeese v. Conwill***, 177 Miss. 427, 170 So. 678, 678-79 (1936). ***Nichols***, 2010 WL 6200776 at *4, ¶22. In ***Bradley's Estate***, the Supreme Court of Washington found that the testator intended that the residue of her estate go to her friend, and that the language, "she must take care of my dear cats[,]" "imposed no obligation except as it may appeal to the discretion and good will" of the testator's friend. ***Id.*** at 225. ***McNeese***, discussed *infra*, held that the testator's will created a testamentary trust. ***McNeese***, 170 So. at 679. After citing these two cases, the Court of Appeals concluded that the chancellor did not err in finding that

7

the language in Brill's will created a conditional bequest. ***Nichols***, 2010 WL 6200776 at *5, ¶23. Thus, the Court of Appeals did not conduct the requisite de novo review.

### C.  Will Construction

¶15.    In his petition for certiorari, Frank contends that Brill's will created a testamentary trust for the benefit of Annie, and that the chancery court erred in finding that the will created a conditional bequest. In support of this contention, Frank cites several cases in which this Court has held that precatory language in a will may create a testamentary trust. *See **Yeates v. Box***, 198 Miss. 602, 22 So. 2d 411 (1945); ***Whitaker v. Commercial Nat'l. Bank & Trust Co.***, 179 Miss. 167, 174 So. 890 (1937); ***McNeese***, 170 So. 678.

¶16.    We find that these cases are distinguishable from today's case. The will in ***Yeates*** stated in part:

> I desire that my wife Mattie H. Box be cared for to the amount of Three Thousand Dollars per year that she have the use of home during her lifetime. She is also to have $5000.00 insurance O. R. C. Policy #1, Series E . . . I also want and desire that my old Uncle, L.W. Wofford be cared for until death & buried.

***Yeates***, 22 So. 2d at 413. This Court in ***Yeates*** held that the specific provisions in the will directing the fiduciaries to pay the testator's wife an annuity and care for the testator's uncle until his death created a testamentary trust. ***Id.*** at 414. Because the will in ***Yeates*** provided specific details as to how the decedent's wife and uncle were to be taken care of, ***Yeates*** is distinguishable from today's case. No such details are present in Brill's will.

8

¶17.    Similar to *Yeates*, the will in *Whitaker* provided enough details to support a finding that the will created a testamentary trust. *Whitaker*, 174 So. at 892. The will in *Whitaker* read, in part:

> That my sisters Irene, Lena and Junie C. Whitaker be allowed adequate funds for [their] support and maintenances, and each one to have equally as long as they are single, should any of them get married, then their share will be only half. Should all of them marry then all of their heirs my Brothers and Sisters shall share equally. Should any of my sisters mistood upon marry [sic] and be made widows for any cause then they shall be restored to their full share as long as widowes [sic]. If any of them should die leaving husband and child or children then their share or interest shall be held in trust for the benefit of the children.

*Id.* at 891. Again, Brill's will does not contain the same directives as the will in *Whitaker*.

¶18.    In *McNeese*, the decedent's will read, in part:

> Item II. I give devise and bequeath to my wife Bettie Finney all of my estate and property real and personal and mixed.
>
> Item III. It is my will and desire that at the death of my wife Bettie Finney the remaining property, real, personal or mixed shall go to my nephew, Frank Finney and his wife, I am doing this for the kindness and affection that they have shown me in my last year and for the kindness they have shown my wife, Bettie Finney, who's [sic] health has been bad for several years, and that I believe Frank Finney and his wife Maudie Finney will take care of my wife in her declining years.

*McNeese*, 170 So. at 678. In finding that the will created a testamentary trust benefitting the decedent's wife, the Court, in *McNeese*, held that the testamentary instrument must be read as a whole. *Id.* at 679. The Court also found that the decedent's wife's mental incompetence was an important fact in determining that the instrument created a testamentary trust. *Id.*

9

Ultimately, *McNeese* found that, after the widow's death, the nephew's residuary estate should be charged with the cost of her care. *Id.*

¶19. Not only are the facts of *McNeese* distinguishable from today's case, but the language of the two wills is as well. The *McNeese* will contains the clause "It is my will and desire that at the death of my wife Bettie Finney the remaining property, real, personal or mixed shall go to my nephew, Frank Finney and his wife." *Id.* at 678. Brill's will contained no provision directing how the residuary estate should be distributed upon Annie's death.

¶20. *McNeese* gave some guidance for determining when a will creates a testamentary trust and when language in a will merely expresses a wish or desire. *McNeese* instructs that the language in the will, along with the surrounding circumstances, should be considered when determining if a testamentary trust is created. *Id.* at 679. But *McNeese* also warns that courts should be cautious when finding that a testamentary trust exists:

> It is true that when express words are absent, courts must exercise due caution that words asserted to be the equivalent thereof shall not be pressed too far; nevertheless, the holdings have been generally to the effect that such a testamentary trust will arise when the intention is reasonably manifest or well inferable from the entire language, viewed in light of all the surrounding circumstances.

*Id.*

¶21. In *Ryals v. McPhail*, 154 Miss. 295, 122 So. 493 (1929), this Court held that the following language did not create a testamentary trust:

> I give, devise and bequeath unto my husband, Simon R. Robbins, all and singular my real and personal property where ever situated and of what ever kind or chattel that I may die possessed of, or any such property in expectancy or in which I may have any equitable interest, in fee simple to him, my said

10

husband, *to do with as seemeth to him best*, and if in the Providence of God, I should die before my said husband, *I desire that he should remember and provide at his death for my children, Mansen Lafayette Rials, Mary E. McInnis, and Lucy E. Ham*.

***Ryals***, 122 So. at 493 (emphasis added). In finding that the will did not create a testamentary trust, the Court reasoned that the language was clear and unambiguous, that the will devised all of the testator's property to her husband in fee simple, and that she "merely expressed the desire that [her husband] should, at his death, remember and make some provision for her children." ***Id.*** at 493. This Court, in ***Ryals***, reasoned that any provisions for the children were "clearly left to the choice and discretion of her husband." ***Id.***

¶22. More recently, in ***Estate of Dedeaux v. Dedeaux***, 584 So. 2d 419 (1991), this Court interpreted a will that first devised all of the decedent's "earthly possessions" to his wife, then in a subsequent paragraph directed that at his wife's death, certain items were to be devised to other members of the family. The will read, in part: "It is my desire that if I should [precede] my wife Kay in death that all of my earthly possessions be received by her. Should she [precede] me in death; or should we die together; or at her death I would like to leave the following possessions as listed." ***Id.*** at 420. This Court found that the phrase "at her death I would like to leave the following possessions as listed" was, at most, precatory. ***Id.*** at 421. In finding that the testator's wife was the sole devisee under the will, the Court quoted ***Harvey v. Johnson***, 111 Miss. 566, 71 So. 824 (1916), for the proposition that:

> Where an interest or estate is given in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt upon the meaning and application of a subsequent clause, nor by inference therefrom,

11

nor by any subsequent words that are not as clear and decisive as the words giving the interest or the estate.

***Estate of Dedeaux***, 584 So. 2d at 422.

¶23. With these cases in mind, we turn to the facts of today's case. Frank asserts that the third sentence in Bobbye's will – "The remainder of my estate I leave to my sister, Shirlee Phillips, with the understanding that she will take care of my mother, Annie Nichols" – devises Bobbye's residuary estate to Annie either "outright or through trust." The chancellor and the Court of Appeals found that this sentence created a "conditional bequest." ***Nichols***, 2010 WL 6200776 at *5, ¶23. After reviewing the entire will, we find that the sentence creates neither a testamentary trust nor a "conditional bequest." Rather, the sentence devised Brill's residuary estate to Shirlee in fee simple. We find that the language "with the understanding that she will take care of my mother" was a precatory expression of Brill's wish or desire and was not imperative.

¶24. The will in ***Ryals*** clearly stated that the testator's property was to pass to her husband in fee simple. Although Brill's will does not include the same clear language as the ***Ryals*** will, nothing in the will demonstrates that Brill intended to create a trust to benefit her mother or to condition her bequest to Phillips.[2] Unlike the testators in ***Yeates*** and ***Whitaker***, Brill

---

[2] *See* 97 C.J.S. *Wills* § 1381 (2001).

Since conditions in a will are not favored, the courts will avoid a construction which would impose a condition, unless the intent to do so clearly appears. The words used in a will are not to be construed as importing a condition if they are fairly capable of different construction, especially when the latter course would carry out the intention of the testator.

12

gave no direction as to how Phillips should care for her mother. Without language that clearly evidences Brill's intent, we cannot find that the will created a testamentary trust or a condition. Reading Brill's will in its entirety, we find that Phillips is the devisee of Brill's residuary estate in fee simple.

## CONCLUSION

¶25. Brill's will conveyed her residuary estate to Phillips in fee simple. Accordingly, we find that the Court of Appeals and chancery court correctly awarded the residuary estate to Phillips, but that both courts erred in finding that the will created a conditional bequest. However, we have stated that "[a]n appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the [correct] result for the wrong reasons." *Methodist Hosp. v. Richardson*, 909 So. 2d 1066, 1070 (Miss. 2005) (citing *Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993)).

¶26. For the reasons we have discussed, the judgments of the Chancery Court for the First Judicial District of Hinds County, and the Court of Appeals are affirmed.

¶27. **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**

13