*711
 
 CARLTON, J., for the Court:
 

 ¶ 1. Frank Nichols (Frank), in his individual capacity and as the executor of the Estate of Annie Hobson Nichols, appeals the decision of the Hinds County Chancery Court denying his petition to remove his sister, Shirlee Phillips (Shirlee), and Kathryn Kennington (Kathryn) as co-admin-istratrices of the will of his other sister, Bobbye Brill (Bobbye). Frank also claims that the chancellor erred in determining that Bobbye’s will set forth a condition precedent which Shirlee must perform in order to obtain the residuary assets, and she also erred by not enforcing the requirements of the will for a bond, an inventory, and an accounting as mandated by Mississippi Code Annotated sections 91-7-41 (Rev. 2004), 91-7-93 (Rev. 2004), and 91-7-277 (Rev. 2004). Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Bobbye died on April 1, 2004. Bob-bye’s two sons predeceased her, and she was survived by her mother, Annie, and her siblings, Frank and Shirlee. Bobbye’s holographic will, dated March 10, 1904
 
 [1]
 
 , states in its entirety:
 

 I, Bobbye Brill, leave my home and contents to my sister, Shirlee Phillips. My Thunderbird car I leave to my brother, Frank Nichols. The remainder of my estate I leave to my sister, Shirlee Phillips, with the understanding she will take care of my mother, Annie Nichols. Please be sure this is carried out.
 

 The chancery court appointed Shirlee and Kathryn as co-administratrices of Bob-bye’s will. On May 12, 2004, the chancellor entered a decree admitting Bobbye’s will to probate.
 

 ¶ B. On January 11, 2005, Annie died testate, and Frank was appointed executor of his mother’s estate. On June 16, 2004, Frank filed a caveat against the probate of the will in common and solemn form, alleging that Bobbye lacked testamentary capacity at the time of the execution of her holographic will, and he alleged that his sister’s will was the product of undue influence by Shirlee.
 

 ¶ 4. After a hearing held on November 17, 2005, which addressed Frank’s motion to discharge the co-administratrices, the chancellor entered an order on February 9, 2006, denying the motion, stating that he found no inappropriate behavior on the part of Shirlee that would rise to the level of a violation of her fiduciary duty as co-administratrix.
 

 ¶ 5. As to the issue of testamentary capacity, the chancellor entered a judgment on May 8, 2007, finding that Frank failed to provide substantial evidence to show that Bobbye lacked testamentary capacity at the time she drafted and executed her will; thus, the chancellor held that the will was valid.
 

 ¶ 6. On May 25, 2007, Shirlee and Kathryn filed a petition for construction of Bobbye’s will with a request that the will be construed to leave the residuary of the estate to Shirlee, as sole residuary beneficiary, free of any expressed or resulting trust. The chancellor issued a bench opinion on August 17, 2007, and interpreted the will as conditioning that if Shirlee took care of Annie, then Shirlee would be entitled to the remainder of Bobbye’s estate. On August 23, 2007, Frank filed another motion to remove Shirlee and Kathryn as co-administratrices, claiming that Shirlee and Kathryn had utilized their fiduciary positions to seek personal gain for Shirlee
 
 *712
 
 to the detriment of other beneficiaries of Bobbye’s will.
 

 ¶ 7. On February 5, 2008, the chancellor held a hearing and considered witnesses’ testimonies to determine whether Shirlee had fulfilled the conditional bequest of taking care of Annie until her death. On June 6, 2008, the chancellor entered an opinion finding that Shirlee had rendered reasonable and appropriate care to her mother, and she found that the residuary bequest should be upheld. Frank then filed a petition for an interlocutory appeal, taking issue with the chancellor’s interpretation of the language of the will, which was summarily denied by the Mississippi Supreme Court.
 
 [2]
 

 ¶ 8. With respect to Frank’s final motion, the chancellor held a hearing on April 14, 2009, addressing Frank’s motion to remove Shirlee and Kathryn as co-adminis-tratrices. The chancellor subsequently issued a judgment finding that no partiality resulted from Shirlee’s dual role as fiduciary and beneficiary, and she denied Frank’s petition to remove the co-administratrices.
 
 [3]
 
 The chancellor did, however, direct the law firm representing both the co-administra-trices and Shirlee in her individual capacity, to elect to represent either one such party or the other.
 

 ¶ 9. On June 8, 2009, upon petition of Shirlee and Kathryn, the chancellor waived all annual accountings except for the first and second annual accountings and the final accounting. On November 16, 2009, the chancellor entered a judgment approving the accountings and closing Bobbye’s estate. Frank now appeals on behalf of himself and Annie’s estate.
 

 STANDARD OF REVIEW
 

 ¶ 10. This Court may not disturb a chancellor’s findings if they are supported by substantial evidence.
 
 In re Estate of Johnson v. Moore,
 
 735 So.2d 231, 236 (¶ 24) (Miss.1999) (citing
 
 In re Estate of Harris v. Bradley,
 
 539 So.2d 1040, 1043 (Miss.1989)). We will not disturb a chancellor’s findings unless he abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. (citing
 
 Tinnin v. First United Bank of Miss., 570
 
 So.2d 1193, 1194 (Miss.1990)). However, “[w]hen presented with a question of law, ... [this Court] conducts a de novo review.”
 
 Estate of Wright v. Cromwell,
 
 829 So.2d 1274, 1276 (¶ 5) (Miss.Ct.App.2002) (citation and quotation omitted). Finally, “[t]his Court must determine if effect was given to the testat[rix]’s intent when reviewing the decision of the chancellor.”
 
 In re Estate of Homburg v. Clark,
 
 697 So.2d 1154, 1157 (¶ 11) (Miss.1997) (citing
 
 Tinnin v. First United Bank of Miss.,
 
 502 So.2d 659, 663 (Miss.1987)).
 

 DISCUSSION
 

 I. Untimely Appeal
 

 ¶ 11. As a preliminary issue, we will address Shirlee and Kathryn’s claim that this appeal, filed on December 10, 2009, regarding the 2007 and 2008 rulings interpreting the will, was untimely filed under Mississippi Rule of Appellate Procedure 4(a), which requires an appeal to be filed within thirty days after entry of the judg
 
 *713
 
 ment or order being appealed.
 
 [4]
 
 Shirlee and Kathryn argue that Frank filed an interlocutory appeal, and not a direct appeal, of the June 6, 2008 judgment in which the chancellor determined that Shir-lee had properly completed the condition precedent established in Bobbye’s will; thus, she could receive the residuary estate. Shirlee and Kathryn claim that the June 6, 2008 order constituted a final judgment; thus, a direct appeal challenging the construction or interpretation of the will should have been made at that time.
 

 ¶ 12. However, the record reflects that the 2008 judgment did not settle all issues pending before the parties; thus, we find that this judgment did not constitute a final judgment.
 
 See
 
 M.R.C.P. 54(b). Frank also points out that the supreme court denied his petition for interlocutory appeal without ruling upon its merits. We find Frank’s appeal to be timely and properly before this Court.
 

 II. Bond, Inventory, and Accounting Requirements; Removal of Co-administratrices
 

 ¶ 18. Frank argues that the chancellor erred by not enforcing the bond, inventory, and accounting requirements of Bobbye’s will. He also argues that the chancellor erred in denying his motions to remove Shirlee and Kathryn as co-admin-istratrices. Frank asserts that he made numerous pleas for the chancellor to remove and substitute the co-administra-trices, to disqualify the attorneys who were simultaneously representing both the co-administratrices and Shirlee, and to compel Shirlee and Kathryn’s fulfillment of statutory and fiduciary duties.
 

 ¶ 14. Frank filed motions to discharge Shirlee and Kathryn as co-administratrices on November 8, 2005, and August 21, 2007. The chancellors denied these motions, finding that no conflict existed between the interest of Shirlee as a fiduciary and her interest as beneficiary. In the second order denying Frank’s motion to discharge the co-administratrices, the chancellor acknowledged that in
 
 Watson v. Caffery,
 
 236 Miss. 223, 236-37, 109 So.2d 862, 868 (1959) the Mississippi Supreme Court held that hostility existing between executor and one of the legatees would not justify the executor’s removal from office.
 

 ¶ 15. Frank also claims that the chancellor erred by not enforcing the bond, inventory, and accounting requirements of the will. Frank alleges that section 91-7-93 requires the co-administratrices to return an inventory verified on oath of the property of the decedent within ninety days of the granting of the letters of administration. Frank additionally charges that Shirlee and Kathryn failed to file any accounting with the court, as required by section 91-7-277, until August 13, 2009, despite Franks’s numerous requests.
 

 ¶ 16. In the present case, the chancellor entered a judgment waiving the bond requirements and all accounting requirements except the first and second annual accountings and the final accounting. We note that a court possesses the discretion to waive annual accountings if the beneficiaries approve and the interests of creditors are not jeopardized.
 
 Estate of Holt v. Scott,
 
 806 So.2d 296, 298 (¶¶ 6-9) (Miss.Ct.App.2001).
 
 See also
 
 Robert E. Williford, Miss. Probate and Administration of Estates § 20:1 (3d ed. 2010). In a judgment entered on November 16, 2009, the chancellor deemed Shirlee the sole beneficiary under the will, save for the Thunderbird automobile, and also deemed her the sole residuary beneficiary under
 
 *714
 
 the will. Frank, however, did not possess the status of beneficiary of the residuary estate; therefore, he was not entitled to an accounting of the residuary estate.
 

 ¶ 17. In addition, the record reflects that Shirlee and Kathryn indeed filed two inventories between April 2005 and August 2009, which the chancellor approved in her November 16, 2009 judgment. We also acknowledge that Mississippi Code Annotated section 91-7-43 (Rev. 2004) provides a statutory exception to the requirement for filing an inventory where the executor possesses the status of a residuary legatee.
 
 See
 
 Williford, Miss. Probate and Administration of Estates § 10:1.
 

 ¶ 18. Based on our review of the record, we cannot find under the circumstances that the chancellor’s judgment was manifestly wrong, clearly erroneous, or applied an erroneous legal standard; therefore, her findings will not be disturbed. Accordingly, this issue is without merit.
 

 III. Conditional Bequest
 

 ¶ 19. Frank argues that Bobbye intended to benefit Annie through the language in the last two sentences of her will. However, Frank claims that should this Court find that Bobbye possessed no intent to benefit Annie, the last two sentences should be deemed void or otherwise unenforceable. Frank further argues that in the event that this Court finds that the two-sentence residuary clause in Bobbye’s will conveyed an interest to Shirlee, this Court should find that the interest was subject to a condition precedent which Shirlee failed to fulfill. Shirlee argues, however, that these last two sentences are bequests and devises to her, free and clear of any claims of Annie’s estate.
 

 ¶ 20. We acknowledge that “the paramount and controlling consideration” when construing the language of a will “is to ascertain and give effect to the intention of the testator.”
 
 Matter of Last Will and Testament of Lawson v. Lambert,
 
 792 So.2d 977, 979 (¶ 7) (Miss.2001). Additionally, the supreme court has stated that “[t]he surest guide to testamentary intent is the wording employed by the maker of the will.”
 
 Tinnin,
 
 502 So.2d at 663. “If the language of the will is clear, definite, and unambiguous, the court must give to the language its clear import.”
 
 Rousseau v. Rousseau,
 
 910 So.2d 1214, 1219 (¶ 17) (Miss.Ct.App.2005) (quoting
 
 Seal v. Seal,
 
 312 So.2d 19, 21 (Miss.1975)). This Court applies a de novo standard when reviewing a chancellor’s construction of a will.
 
 Estate of Hamburg,
 
 697 So.2d at 1157 (¶ 11).
 

 ¶ 21. In a bench opinion entered on August 17, 2007, the chancellor found that the language in Bobbye’s will stating, “[t]he remainder of my estate I leave to my sister, Shirlee Phillips, with the understanding she will take care of my mother, Annie Nichols. Please be sure this is carried out,” was not ambiguous on its face. The chancellor held the language established that if Shirlee took care of her mother, then Shirlee would be entitled to the remainder of Bobbye’s estate.
 

 ¶ 22. In the June 3, 2008 judgment, the chancellor found that Bobbye’s will placed no particular standard or requests on the care her mother was to receive from Shir-lee. After hearing the witnesses testify, the chancellor determined that Shirlee had presented sufficient evidence to establish that she had fulfilled the conditional bequest of taking care of Annie; thus, the chancellor found Shirlee was entitled to receive Bobbye’s entire residuary estate.
 
 See Pace v. Pace,
 
 24 So.3d 325, 331 (¶¶ 14-16) (Miss.Ct.App.2009) (This Court will not disturb a chancellor’s factual determination that a condition has been satisfied absent an abuse of discretion.). With respect to testamentary intent as to the re
 
 *715
 
 siduary estate, the chancellor cited
 
 In re Bradley’s Estate v. Graham,
 
 187 Wash. 221, 59 P.2d 1129 (Wash.1936), where the decedent devised her residuary estate to her “dear friend and companion” and stated that “she must take good care of my dear cats[.]” The Washington court clarified that the decedent did not intend that the entire residue of her estate be expended for the benefit of the cat; rather, she intended her friend to benefit from the bequest. Additionally, in
 
 McNeese v. Conwill,
 
 177 Miss. 427, 170 So. 678, 678-79 (1936), our supreme court acknowledged that:
 

 Wills containing provisions for the care and maintenance of another or others ... have, in many cases, been held to create trusts although no express technical words were used.... [W]ords which on their face would seem to express only a wish or hope or expectation or confidence have often been held, when taken in connection with all the surrounding facts, to make the devisee a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with sufficient clearness and certainty both the subject-matter and the objects of the intended trust.
 

 ¶ 23. Thus, we find no error in the chancellor’s determination that the last two sentences of Bobbye’s will clearly convey Bobbye’s testamentary intent that Shirlee receive her residuary estate upon satisfaction of the stated condition.
 
 See In re Last Will and Testament of Carney v. Carney,
 
 758 So.2d 1017, 1020 (¶ 12) (Miss. 2000). We further find no abuse of discretion in the chancellor’s determination that Shirlee had fulfilled the conditional bequest created by Bobbye’s will.
 
 See Estate of Johnson,
 
 735 So.2d at 236 (¶ 24). This issue is without merit.
 

 ¶ 24. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Testimony revealed that Bobbye actually drafted and executed the will on March 10, 2004.
 

 [2]
 

 . Although Frank’s petition for interlocutory appeal does not appear in the record before this Court, we note that the record does reflect that on July 29, 2008, the Mississippi Supreme Court denied to hear the interlocutory appeal.
 
 See also
 
 M.R.C.P. 54(b).
 

 [3]
 

 . Judge Stuart Robinson ruled to deny the first motion, and Judge Patricia Wise ruled to deny the second motion.
 

 [4]
 

 . Shirlee and Kathryn filed a motion to dismiss the appeal based on untimeliness on April 1, 2010. The supreme court denied the motion to dismiss on May 12, 2010.