# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00904-SCT

*MICHEAL TAYLOR, EXECUTOR OF THE*
*ESTATE OF MARY MARKWELL, DECEASED*

*v.*

*CHERYL MARKWELL TOLBERT*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2020 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| TRIAL COURT ATTORNEYS: | JOHN THOMAS LAMAR, JR. |
| | TAYLOR ALLISON HECK |
| | JOSEPH M. SPARKMAN, JR. |
| COURT FROM WHICH APPEALED: | TATE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN THOMAS LAMAR, JR. |
| | TAYLOR ALLISON HECK |
| ATTORNEYS FOR APPELLEE: | JOSEPH M. SPARKMAN, JR. |
| | JERRY WESLEY HISAW |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | APPEAL DISMISSED - 07/01/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal from a chancery court order setting aside the probate of a will after

the original was lost.  On appeal, Michael Taylor, the sole beneficiary under the lost will,

contends that the chancellor erred by applying the presumption that the testatrix had

destroyed the will.

¶2. Although the parties do not raise the issue, the order on appeal was not a final judgment because it did not resolve all of the issues between the parties. While the order could have been certified as an appealable judgment under Mississippi Rule of Civil Procedure 54(b), it was not. A final judgment is a jurisdictional requirement, so this Court must dismiss the appeal as interlocutory on its own motion.

**FACTS**

¶3. Mary Markwell, the decedent, was the grandmother of Michael Taylor. Markwell's husband had predeceased her by twenty years. Taylor was Markwell's neighbor, and he often visited and did favors for Markwell like cutting her grass and maintaining her property. He also took her to the doctor on occasion. In July 2014, Markwell went to the law office of John Lamar to have a will drawn up leaving all of her property to Taylor. Lamar kept a copy of the will, but the original was apparently taken by Markwell, never to be seen again.

¶4. Cheryl Tolbert, Markwell's daughter, testified that she had largely supplanted Taylor as Markwell's primary caregiver by the time of Markwell's final illness. Shortly before her death, Markwell spoke of wanting to change the "paperwork" disposing of her assets. Shortly before she died, Markwell had also given almost $90,000 from her bank accounts to Tolbert and Tolbert's son. The checks were filled out by Tolbert and signed by Markwell. The larger of the two checks, $64,000, was stated to be for "funeral bills and expenses."

¶5. Taylor testified that Markwell had directed him to go to John Lamar's law office after her death. When he did so, he first learned of the will leaving Markwell's property to him

2

and naming him executor of her estate, but he could not find the original will in Markwell's home. Taylor testified that Markwell had kept her important papers and some valuables in a lock box, but the lock box was missing from the house when he looked for it shortly after her death.

¶6.     Taylor filed a petition to probate the copy of Markwell's will. The chancery court entered an order admitting it to probate and appointing Taylor executor of the estate. Taylor sought and received a temporary restraining order enjoining Tolbert from disposing of any of Markwell's assets. Taylor then filed a petition for injunctive relief to prevent Tolbert from spending the remaining money from the checks Markwell executed during her final hospital stay. An order was entered requiring Tolbert's bank to deposit the money with the chancery clerk and to pay the funeral costs, except for the $1,000 Tolbert had already paid.

¶7.     Tolbert filed a counterpetition seeking to set aside the probate of the will and to remove Taylor as executor of the estate. The counterclaim also requested an inventory and accounting of the estate, the return of Markwell's property in Taylor's possession, and attorneys' fees. Taylor then filed a petition seeking recovery of the deathbed gifts, the return of Markwell's property in Tolbert's possession, and damages for trespass and conversion.

¶8.     The chancery court held a short bench trial on the sole issue of the petition to set aside the probate of the will. The chancellor heard from Taylor, Tolbert, their significant others, and Taylor's (other) grandmother. The chancellor concluded that Taylor had failed to rebut the presumption that a will last known to be in its maker's possession that cannot be found

3

after her death is presumed to have been revoked by destruction. *See, e.g.*, **Berry v. Smith (In re Estate of Leggett)**, 584 So. 2d 400, 403 (Miss. 1991). The chancery court then entered an order setting aside the probate of the will. The order was not styled a final judgment nor was it certified as appealable under Mississippi Rule of Civil Procedure 54(b). The chancellor also observed from the bench (after being asked by Tolbert's counsel what they should do next):

> You will have to file a petition to ask that it be administered and seek an administrator there with mom, of course, unless all heirs agree otherwise. We'll proceed at that point. If it happens to be assigned to another chancellor other than me, I'll confer with that chancellor and see which one deals with that. Now, you still have the issue—this whole cause is not dismissed, simply the probate of that will. You still have the other issues remaining that we'll need to determine. In all likelihood, if the administration of that estate is assigned to another chancellor, I'll have it by agreement consolidated probably to me unless he or she wants to hear the rest of it, which I'll gladly let them do if they want to.

Tolbert's counsel then filed a motion to proceed on her remaining counterclaims. This was immediately followed by Taylor's notice of appeal.

**STANDARD OF REVIEW**

¶9.     A chancellor's resolutions of questions of law in a will contest are reviewed de novo. **Adams v. Carney (In re Will of Carney)**, 758 So. 2d 1017, 1020 (Miss. 2000). But "[t]his Court will not disturb findings of the chancellor unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard." **Goode v. Vill. of Woodgreen Homeowners Ass'n**, 662 So. 2d 1064, 1070-71 (Miss. 1995) (citing **Tinnin v. First United Bank of Miss.**, 570 So. 2d 1193, 1194 (Miss. 1990)).

4

# DISCUSSION

¶10. We observe, albeit without the benefit of briefing or complaint from either party, that the order on appeal is interlocutory. Specifically, the appellee, Tolbert, had pending counterclaims against Taylor for the return of the estate's property, an accounting of the estate, and a claim for attorneys' fees. And Taylor had pressed claims for undue influence relating to the deathbed gifts, which were not directly resolved by the chancery court's order from which this appeal was taken. These claims were presented by Taylor both as executor and "in his individual capacity." Moreover, the chancery court's order did not include a Mississippi Rule of Civil Procedure 54(b) certification.

¶11. It does appear from the docket entries that, after Taylor filed his notice of appeal, the chancery court entered an order relating to Tolbert's motion to proceed on her counterclaims and to dismiss Taylor's remaining claims for want of standing, but it is not clear whether that order was a final judgment, as it was not made part of the appellate record.

¶12. In a recent case, this Court held that "[a]lthough no party questions our jurisdiction over the appeal, this Court must inquire into its jurisdiction '[w]hether raised by the parties or not . . . .'" *Rogers v. Pavlou (In re Estate of Pavlou)*, 308 So. 3d 1284, 1287 (Miss. 2021) (alterations in original) (quoting *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995)). Rule 54(b) of the Mississippi Rules of Civil Procedure provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more

5

but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

¶13.    "Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 900 (Miss. 2006) (internal quotation marks omitted) (quoting *Owens v. Nasco Int'l, Inc.*, 744 So. 2d 772, 774 (Miss. 1999). The order on appeal from in this case did not dispose of Tolbert's counterclaims or Taylor's claims to set aside the inter vivos gifts, so it was interlocutory. No permission for interlocutory appeal was granted, so "this Court . . . lack[s] jurisdiction to consider this issue on appeal" and "this appeal must be dismissed for want of jurisdiction." *M.W.F.*, 926 So. 2d at 900.

¶14.    Because the order appealed from was not a final judgment, this Court will not address the merits of Taylor's appeal.

¶15.    **APPEAL DISMISSED.**

        **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**

6