CHARLES F. CURLEY, Administrator, *cum testamento annexo* of Mary O'Donnell, late of Wilmington Hundred, deceased,

*vs.*

JOSEPH DI MICHELE and ANGELINE DI MICHELE.

*New Castle, Feb. 8, 1933.*

*James F. Malloy,* for complainant.

*Horace G. Eastburn,* for defendant.

THE CHANCELLOR: The question which this case presents arises out of the will of Catharine A. Smith. Her will was a short one and very inartistically drawn. It is in full as follows:

"Jan 4 1921

"I Catharine A. Smith of the City of Wilmington State of Delaware being of sound mind and body make this my last will and Testament
"I give and bequeath to the following
"To May O Donnell of 8 and West St 5000 Thousands dollars
"Two my Parents James and Cecelia Smith 500 for masses for their benefit

| | |
|---|---|
| "To my Brother J Jerome Smith and Pete B Smith for masses | 500 |
| "St Janes protecty Delaware City | 200 |
| "The Colored Orphens of 10 and French St | 200 |
| "St Peters Orphan Sylum 6 West St | 200 |
| "The propagation of Faith | 200 |
| "For masses for myself | 300 |

"The balance of what remains to Mary O Donnell
"I appoint Mary O Donnell my Testatrix

"Catharine A. Smith.

"Witness present
   "S. Elizabeth S. Kelly
   "Jennie F Toner."

The testatrix left sufficient personal property to pay all her debts and all the pecuniary legacies with a balance left over. She died seised also of one parcel of real estate, which is the subject matter of this suit.

The question is whether the language "The balance of what remains to Mary O Donnell" carries a devise of the real estate to her. I entertain no doubt upon the question.

There is a presumption, arising from the fact that the testatrix left a will, that she did not intend to die intestate with respect to any of her property. *Grant v. Mullen, et al.,* 15 *Del. Ch.* 174, 138 *A.* 613; *Phillips v. Phillips,* 10 *Del. Ch.* 314, 91 *A.* 452. The fact that only personal legacies were given in the preceding part of the will cannot serve to limit the operation of the words "the balance of what remains" to that species of property. It is as though the testatrix had said "the balance of all my estate." *Arvin v. Smith's Ex'r.,* 142 *Va.* 680, 128 *S. E.* 252. The word "balance" is not necessarily limited to the type of property which the preceding language enumerates. *In re Reimer's Estate,* 159 *Pa.* 212, 28 *A.* 186.

The testatrix and Mary O'Donnell were first cousins, raised together from childhood, and lived together for over eighty years until the death of the former. They resided in the property here in question. This is the setting of circumstances in which the will is placed. They tend to confirm the legal as also the natural inference, that the gift of the "balance of what remains" to her life long companion was meant by the testatrix to include the whole remainder of her estate, which included the house in which she and the beneficiary had lived together for many years.

Decree for the complainant.