FREDERICK G. BRAND,

*vs.*

CHARLES K. FARIES and HELEN M. FARIES, his wife.

*New Castle, April 24, 1935.*

*Joseph A. L. Errigo,* for complainant.

*W. Reese Hitchens,* for defendants.

THE CHANCELLOR: The defendants resist the bill on the ground that the complainant cannot convey a title in fee simple. Whether the complainant possesses such a title depends upon the construction of the joint will of Alfred Smith and Margaret, his wife, which has been duly probated before the Register of Wills of New Castle County.

The will is a short one and is as follows:

"Montchanin, Delaware.
"May 21, 1929.
"This is the Last Will and Testament, Jointly, of Alfred and Margaret Smith and cannot be altered without the consent of both parties:—

"We bequeath to each of the three children of Fred Smith; namely, Louisa, Virginia and Fred, the sum of One Hundred Dollars each ($300.00).

"To John S. Taylor, Jr., son of John S. and Anna Taylor the sum Three Hundred Dollars ($300.00).

"And to Mrs. Rose Leaming the sum of......$200.00.

"To Frederick George Brand we bequeath all our remaining possessions.

"Alfred Smith
"Margaret Smith

"Witnesses—
"John Taylor
"Anna W. Taylor"

If there be a devise of real estate without words of limitation, the statute provides that the same shall be construed to pass the fee simple or other the whole estate or interest, which the testator could lawfully devise in such real estate, unless a contrary intention appears by the will. *Revised Code* 1915, § 3243.

The joint testator and testatrix were seised of a fee simple interest in the land of which the complainant claims he is their devisee. If, therefore, the land was intended to be devised to the complainant by the above will, a fee simple title passed to him notwithstanding the absence of words of limitation, for clearly there are no words from which a contrary intention appears.

The only question is then whether land of which Smith and wife were seised and of which the survivor died possessed, can be said to come within the descriptive language of the clause "To Frederick George Brand we bequeath all our remaining possessions." That land may be embraced within the term "possessions" would seem to be clear. *Wilce v. Wilce*, 7 *Bing*. 664, 131 *Eng. Reprint*, 257; *Blaisdell v.*

*Hight,* 69 *Me.* 306, 31 *Am. Rep.* 278. "Remaining possessions" which is the phrase here is at least as broad in its scope as "the balance of what remains," which was the language in *Curley v. Di Michele, et al.,* 19 *Del. Ch.* **169,** 165 *A.* 155. In that case the disposing word was "bequeath" as in this case, and the phrase "the balance of what remains" followed after the gift of personal legacies, as "remaining possessions" does in this case. The case of *Curley v. Di Michele, et al., supra,* is determinative of this one. On the authority of that case I conclude that the land in question was a part of the "remaining possessions" which were given to the complainant by the joint will of Alfred Smith and his wife. As the gift was without words of limitation, a fee simple title was devised.

The decree will be for the complainant.