POWELL, et al. *v.* BOOTH, et al.

No. 41426       May 23, 1960       121 So. 2d 1

*Charles A. Carter,* Jackson, for appellant, Sallie Mc-Nair.

12

*John D. Kervin,* Collins; *Henley, Jones & Henley,* Jackson, for appellants, Leffie Powell et als.

*Hugh McIntosh, W. W. Dent, Wm. Allred,* Collins, for appellees.

14

HALL, J.

On November 24, 1952 Sherman Powell executed a last will and testament and later on November 2, 1953 he executed a second will which took the place of the first will. Later on November 2, 1955 he executed a codicil to the last will which does not alter the provisions of the last will except in a minor aspect which is not here in question.

By the will of November 2, 1953 Sherman provided: "2. It is my will and desire that my brother Leffie Powell and his wife, Mattie Powell, have the following described real property that I now own", following which is a description of 120 acres of land and after which it is provided: "It is understood and agreed that the above named devisees, Leffie Powell and Mattie Powell,

are to sustain and maintain the testator for the remainder of his natural life.''

In Paragraph 3 the will provided: ''It is my will and desire that Monroe Easterling and his wife, Della Easterling, have the following described real property that I now own'', following which there is a description of about 162 acres of land. Following this the will provided: ''It is understood and agreed that the above named devisees, Monroe Easterling and Della Easterling, are to sustain and maintain the testator for the remainder of his natural life.''

''4. It is the testator's intention that this will be void as to those devisees hereinabove named, if any, who default in the sustaining and maintaining of him for the remainder of his natural life.

''5. It is my desire and will that in the event of the failure of either or all of the devisees hereinbefore named to maintain and support the testator, then in that event, hereby wills and devises the lands, where default is made, if any, as a whole to the estate of the testator and to be divided equally among all the heirs of the estate, and that any and all property, real, personal or mixed, is hereby devised and bequeathed to all the heirs of my body, as their interest or interests appear.''

Sherman Powell was an old Negro at the time of his death, a little above ninety years of age, and he had an estate valued at approximately $20,000. His wife had predeceased him and that they had no living children, so the question remains whether the property will go to the specific devisees above named.

On the trial of this case the chancellor made his findings of fact and conclusions of the court and held therein that the will of November 2, 1953 superseded the 1952 will, that Leffie Powell and Mattie Powell were to sustain and maintain the testator for the remainder of his natural life and also that Monroe Easterling and his wife, Della Easterling, were to sustain and maintain the testator for the remainder of his natural life. The court

then held that the words "sustain and maintain the testator" embodies a condition precedent to the taking of the property therein described by such named devisees and the court found that Sherman Powell often visited with Monroe and Della Easterling as well as with Leffie Powell and Mattie Powell and that he was sick on two occasions in the home of Monroe and Della Easterling, but that his last illness of some several days was in his own home where he was tended by persons other than the devisees mentioned, and that the burden of proof to show that the conditions precedent had been met rested upon the devisees.

The court then found that the ordinary and everyday meaning and the meaning the court believes a Negro of Covington County, Mississippi would place on the words, "sustain and maintain" is that of support and the court found that visiting, even though more than normal, and being sick on two occasions at the home of one of the devisees and visiting normally with the other named devisees does not meet the condition precedent set out in the will to "sustain and maintain". And the court therefore held that the said devisees take nothing under paragraph Nos. 2 and 3 of the will of November 2, 1953, and the codicil thereto. The court further found that Callie Milloy is the illigitimate daughter of Sherman Powell, and the record abundantly supports this finding and the court held that she is not an heir and the court held that it was the intent of the testator, upon the failure of the condition precedent, if such should happen, that his estate was to descend to the heirs of his estate as distinguished from the heir of his body, Callie Milloy, and that under the will such descent was to be made as the heirs of the estate interest or interests might appear. The court also found and concluded that the codicil to the last will and testament is legal, binding, and duly provided and that the devise therein made to Archie Milloy and wife, Callie Milloy, concerning their note in the amount of $1,200, dated November 2, 1955 and the deed

of trust securing the same should be marked canceled and paid as directed by such codicil. A final decree was entered in accordance with these findings on February 19, 1959.

We have read the voluminous record in this case which is about four times as long as it should be and we have carefully considered all the arguments made in the case and we are of the opinion that the chancellor could not have done better than he did in passing upon this case. After all, the heirs of Sherman Powell are to receive the estate, and that seems to have been in accordance with his wishes.

██ ██ In the case of Lindman's Estate v. Herbert, 188 Miss. 842, 856, 193 So. 790, this Court said: "We deem it unnecessary to discuss more at length the legal questions raised, or to review the numerous authorities cited in the briefs. It is sufficient that we say, under the well-established rule, we are not justified in disturbing the finding of the chancellor unless it appear to us that he was clearly and manifestly wrong. We are unable to so hold. Therefore the decree appealed from must be affirmed."

The decree of the lower court must be and it is hereby affirmed.

██ ██ The attorneys for several of the parties in this case have filed a motion, as they did in the lower court, for the allowance of an attorneys' fee under Sec. 1583.5 of the Mississippi Code of 1942, which we think is clearly applicable here. The lower court allowed to the attorneys for the appellees a fee of $750 to be paid out of the estate and the said motion for the allowance of a fee on appeal to this Court is hereby sustained and one-half of said amount, or the sum of $375, is hereby allowed to W. W. Dent and William Wallace Allred to be paid out of the estate, to be divided equally between them, for their services in this Court.

Affirmed and attorneys' fee allowed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.