KING, C.J.,
 

 for the Court:
 

 ¶ 1. Tracy Franklin Williams (Tracy) contested the probate of his mother’s estate and alleged that Lawrence Daniel Williams (Lawrence), the executor of the estate, had mismanaged estate funds. The chancery court granted partial summary judgment in favor of Lawrence. Furthermore, Tracy failed to comply with discovery requests, so the chancery court later dismissed Tracy’s remaining claims and granted Lawrence’s request for attorneys’ fees. Aggrieved, Tracy appeals, raising two issues:
 

 I. Whether the chancellor erred by granting the motion for partial summary judgment, and
 

 II. Whether the chancellor erred by awarding Lawrence attorneys’ fees.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Mrs. Dorothy Williams died on April 19, 2005. That same year, a petition to probate her will was filed in the Chancery Court of DeSoto County. Mrs. Williams’s three children: Lawrence, Tracy, and Florence Ann Jermyn (Jermyn) survived her. Lawrence was named as the executor of Mrs. Williams’s estate. Mrs. Williams’s will reads, in pertinent part, as follows:
 

 Article II
 

 I, Dorothy Ann Williams, hereby devise and bequeath all of my property, of whatsoever kind and wheresoever situated to my children, Lawrence Daniel Williams, Tracy Franklin Williams, and Florence Ann Jermyn, in equal shares, per stirpes.
 

 Article III
 

 
 *519
 
 It is my desire that Kate Ida Williams be taken care of as I did during my lifetime.
 

 ¶ 3. Kate Ida Williams (Kate) is Tracy’s adult daughter and Mrs. Williams’s granddaughter. Kate resided in Senatobia, Mississippi, at the Baddour Centera community for adults with disabilities. During Mrs. Williams’s lifetime, she paid Kate’s tuition at the Baddour Center, using mortgage payments that she received from a home that she owned, also known as the “Beaver note.”
 

 ¶ 4. At first, Lawrence, Tracy, and Jer-myn cooperated in the probate of their mother’s will and the distribution of the property between them. The siblings also agreed to continue paying Kate’s tuition using the funds derived from the Beaver note until the loan was paid in full. However, when Tracy later expressed the opinion that the estate should create a trust account for Kate’s benefit, the siblings could not agree.
 

 ¶ 5. On June 7, 2007, Tracy filed a petition to obtain an accounting and inventory of the estate. In the petition, Tracy expressed concern regarding Lawrence’s management of estate funds, stating that his concern “[arose] primarily from poor communication with the Executor of the will.” Lawrence filed an accounting and inventory. On September 10, 2007, Lawrence filed a petition for discharge of the executor, seeking to close the estate and to distribute the assets as set forth in Article II of the will. On November 28, 2007, Tracy filed a petition requesting an accounting, discharge of the executor, and a surcharge against the executor. Tracy alleged that Lawrence misappropriated estate funds and property and should be discharged for his improper conduct. Tracy also requested an injunction against the estate and argued that pursuant to Article III of the will, the estate was required to set up a trust account for Kate in the amount of $150,000.
 

 ¶ 6. Lawrence filed an answer and affirmative defenses in response to Tracy’s petition. On February 5, 2008, Lawrence served Tracy with interrogatories and a request for production of documents. Lawrence also filed a motion for partial summary judgment on March 21, 2008, arguing that Article III of the will did not require the estate to establish a trust account for Kate.
 

 ¶ 7. Tracy did not respond to Lawrence’s discovery requests. Thus, on November 20, 2008, Lawrence filed a motion to compel. The chancery court granted the motion to compel on January 12, 2009, and ordered Tracy to respond to the discovery by January 26, 2009. Tracy failed to comply with the chancery court’s order.
 

 ¶ 8. Finding that Article III of the will was a precatory expression of Mrs. Williams’s desire and, thus, unenforceable, the chancery court granted Lawrence’s motion for partial summary judgment on February 2, 2009. On February 18, 2009, Lawrence filed a motion to dismiss the action, arguing that Tracy failed to respond to discovery and failed to offer any proof to substantiate his claim that Lawrence had misappropriated estate funds. Because of Tracy’s failure to comply with the chancery court’s order, Lawrence also requested attorneys’ fees.
 

 ¶ 9. On March 9, 2009, a hearing was held on the motion to dismiss, which Tracy and his attorney failed to attend. On March 10, 2009, the chancery court granted Lawrence’s motion to dismiss, finding that: (1) Tracy failed to respond to discovery within the time permitted by law; (2) he failed to respond to discovery within the additional time given by the estate; (3) he failed to respond to discovery within the time designated by the chancery court’s
 
 *520
 
 order; (4) he failed to present any proof to substantiate his claims; and (5) Tracy’s failure prejudiced Lawrence’s trial preparation. Thereafter, Tracy filed an interlocutory appeal with the Mississippi Supreme Court, which the supreme court denied.
 

 ¶ 10. A hearing was held on the issue of attorneys’ fees, and Tracy and his attorney failed to attend this hearing as well. On March 23, 2009, the chancery court issued an order granting Lawrence’s request for attorneys’ fees and costs in the amount of $38,093.80. Aggrieved, Tracy timely filed his notice of appeal.
 

 ANALYSIS
 

 I. Motion for Partial Summary Judgment
 

 ¶ 11. Tracy argues that the chancery court erred by granting Lawrence’s motion for partial summary judgment and by finding that Article III of the will was merely a precatory statement of Mrs. Williams’s desire. Specifically, Tracy maintains that Article III is ambiguous, and the chancery court should have considered extrinsic evidence to determine Mrs. Williams’s intent. Conversely, Lawrence argues that the chancery court did not err by granting the motion for partial summary judgment because Article III was precatory and did not create any devise of property to Kate.
 

 ¶ 12. This Court reviews the chancery court’s grant or denial of summary judgment under a de novo standard of review, viewing the evidence in the light most favorable to the nonmoving party.
 
 In re Estate of Thomas v. Wilson,
 
 962 So.2d 141, 143 (¶ 9) (Miss.Ct.App.2007) (citation omitted). “If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor.”
 
 Id.
 

 ¶ 13. Will construction is an issue of law, which is reviewed de novo.
 
 Rousseau v. Rousseau,
 
 910 So.2d 1214, 1217 (¶ 8) (Miss.Ct.App.2005). We look to the four corners of the will to determine the intent of the testatrix.
 
 Id.
 
 (citing
 
 In re Estate of Homburg,
 
 697 So.2d 1154, 1157 (¶ 11) (Miss.1997)).
 

 ¶ 14. As previously mentioned, Mrs. Williams’s will provided, in pertinent part, that:
 

 Article II
 

 I, Dorothy Ann Williams, hereby devise and bequeath all of my property, of whatsoever kind and wheresoever situated to my children, Lawrence Daniel Williams, Tracy Franklin Williams, and Florence Ann Jermyn, in equal shares, per stirpes.
 

 Article III
 

 It is my desire that Kate Ida Williams be taken care of as I did during my lifetime.
 

 “The surest guide to testamentary intent is the wording employed by the maker of the will.”
 
 Rousseau,
 
 910 So.2d at 1218 (¶ 10) (quoting
 
 Estate of Homburg,
 
 697 So.2d at 1157 (¶ 11)). “If the language of the will is clear, definite, and unambiguous, the court must give to the language its clear import.”
 
 Id.
 
 at 1219 (¶ 17) (quoting
 
 Seal v. Seal,
 
 312 So.2d 19, 21 (Miss.1975)).
 

 ¶ 15.
 
 In re Estate of Dedeaux v. Dedeaux,
 
 584 So.2d 419, 420 (Miss.1991), a testator expressed his intent that, upon his death, his wife should receive all of his earthly possessions. In the event that his wife preceded him in death, the testator made other provisions for the disposition of his property in favor of his sons.
 
 Id.
 
 The chancery court construed the will in favor of the wife, finding that she received all of her property in fee simple.
 
 Id.
 
 at 421. On appeal, the sons argued that, at most, the will only gave the wife a life
 
 *521
 
 estate.
 
 Id.
 
 The supreme court found that “[w]here an interest or estate is given in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt upon the meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words giving the interest of estate.”
 
 Id.
 
 at 422 (quoting
 
 Harvey v. Johnson,
 
 111 Miss. 566, 573, 71 So. 824, 826 (1916)). Accordingly, the supreme court found that the language of the will clearly left all of the testator’s property to his wife.
 
 Id.
 
 Any other language referring to the disposition of property if the wife preceded the testator in death was found to be merely advisory and, thus, unenforceable.
 
 Id.
 
 at 423.
 

 ¶ 16. Based on the foregoing, we find that Mrs. Williams’s will was not ambiguous. Mrs. Williams clearly stated in Article II that all of her property should be divided equally amongst her three ehil-dren-Lawrence, Tracy, and Jermyn. Thus, the devise in Article II cannot be taken away by Mrs. Williams’s desire expressed in Article III of the will. Contrary to Tracy’s argument, Article III
 
 does not
 
 (1) state that a trust account should be established for Kate, (2) set aside a specific sum of money for Kate’s care, and (3) order the estate to pay Kate’s tuition. Instead, Article III merely expressed Mrs. Williams’s hope that “[Kate] be taken care of.” Article III is merely precatory and, thus, unenforceable. Accordingly, we find that the chancery court did not err by granting the motion for partial summary judgment. This issue is without merit.
 

 II. Attorneys’ Fees
 

 ¶ 17. In Tracy’s appellate brief, he gave a rather cursory argument regarding the issue of attorneys’ fees by simply stating that “[the chancery court] erred in awarding to the Appellee attorneys’ fees incurred in defending the action.” Conversely, Lawrence argues that Tracy is barred from appealing the issue of attorneys’ fees because he failed to respond to the motion and failed to attend the hearing before the chancery court. Alternatively, Lawrence argues that the chancery court did not err by awarding attorneys’ fees based on Tracy’s willful discovery violations and his failure to comply with the chancery court’s order.
 

 ¶ 18. Our review of the record reveals that Tracy failed to object to the order awarding attorneys’ fees. Thus, this argument is procedurally barred from review.
 
 See In re Hampton,
 
 919 So.2d 949, 957 (¶ 32) (Miss.2006) (finding that an attorney was barred from appealing the chancery court’s order to pay attorney’s fees, witness fees, and court reporter’s fees because the attorney had failed to object to those sanctions below). Despite this procedural bar, we find that the chancery court did not err by imposing sanctions against Tracy.
 

 ¶ 19. Whether sanctions should be imposed for discovery violations is within the sole discretion of the chancery court.
 
 Hayes v. Entergy Miss., Inc.,
 
 871 So.2d 743, 747 (¶ 11) (Miss.2004). Thus, we review the order of sanctions under an abuse-of-discretion standard of review.
 
 Id.
 

 ¶ 20. Mississippi Rule of Civil Procedure 37(a)(4) provides, in pertinent part, that:
 

 If the [motion to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified
 
 *522
 
 or that other circumstances make an award of expenses unjust.
 

 Also, if the party at fault fails to comply with the chancery court’s order, it is considered contempt of court, and the chancery court may impose sanctions, which includes dismissal of the case and the payment of reasonable expenses and attorneys’ fees. M.R.C.P. 37(b).
 

 ¶ 21. Our review of the record reveals that Tracy failed to comply with the chancery court’s order compelling discovery without offering any explanation for such failure. Thus, we find that the chancery court did not err by dismissing Tracy’s remaining assignments of error and by ordering him to pay reasonable costs in defense of the litigation, including attorneys’ fees.
 
 See Gilbert v. Wal-Mart Stores, Inc.,
 
 749 So.2d 361, 366 (¶ 12) (Miss.Ct.App.1999) (affirming the chancery court’s order of sanctions pursuant to Rule 37 based on the appellant’s failure to comply with discovery). This issue is without merit.
 

 ¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.