ISHEE, J.,
 

 for the court:
 

 ¶ 1. Patty Mace Stewart and Lynette O’Neal (grand-nieces) filed suit in the Hinds County Chancery Court, challenging the last will and testament of their great-uncle, George William Mace (Mace), through the administratrix of his will, Patricia Gardner (Gardner). The grandnieces claimed that Mace improperly received a portion of family land when their great-grandfather, George Mace Sr. (George Sr.), passed away over sixty-five years ago. Because of this invalid transfer of property in which Mace received more than his rightful share, the grand-nieces claimed that the transfer of the land to beneficiaries of his will was invalid.
 

 ¶ 2. Gardner filed a motion for summary judgment, asking the chancery court to dismiss the action. The chancery court granted the motion and dismissed the case with prejudice, finding that the grandnieces lacked standing to challenge their great-uncle’s will and failed to present a claim upon which relief may be granted.
 

 ¶ 3. The grand-nieces now appeal, arguing: (1) the chancellor erred by granting summary judgment, because the fraud that was committed when George Sr. died intestate over sixty-five years ago tolled the statute of limitations; and (2) the chancellor erred by dismissing the case with prejudice, because the lesser sanction of dismissal without prejudice was available and should have been executed.
 

 
 *1266
 
 ¶ 4. Because the statute of limitations expired years ago, this cause of action is clearly time-barred. Accordingly, we affirm the chancery court’s judgment.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 5. This case concerns a will dispute that arose from the death of the Mace family’s patriarch, George Sr., who died in 1943. In 1890, years before he died, George Sr. purchased 238 and 3/4 acres of land in Hinds County, Mississippi. Over a period of years after 1890, George Sr., along with his children, constructed homes on the property and engaged in selling some of the timber for profit. They also received income from mineral leases on the property.
 

 ¶ 6. George Sr. died intestate in October 1943. His wife predeceased him, as did one of his sons, George Mace Jr. (George Jr.), who died in 1939. George Sr. had eight children, with three different mothers. His children were Virgie Mace, Atwood Mace, Annie Mace Wallace, Illinois Mace, Pattie Rea Mace (Pattie), Roosevelt Mace, George Jr. and George William Mace. At the time of his death in 1943, George Sr. also had eleven grandchildren, all of whom were George Jr.’s children: Stanford B. Mace (Stewart’s father), Velma Mace Burkes, Clara Mace Winston (O’Neal’s mother), Luevester Mace Hayes (Gardner’s mother), Roscoe Peter Mace, Queen Ester Mace Jackson, Virgil Mace, Mynetta Mace Smith, Aileen Mace Brooks, Ethel Elaine Mace, Robert Earl Mace, and Huey Prince Mace.
 

 ¶ 7. Upon George Sr.’s death, the chancery court appointed Pattie, one of George Sr.’s daughters, to be administratrix of the estate. On July 14, 1944, Pattie filed a final accounting of George Sr.’s estate. The accounting stated that Pattie had made due and legal publication of notice to creditors in the Hinds County Gazette weekly newspaper, which circulated the notice four times during July and August 1944. The notice stated that the creditors had six months to prove and probate their claims. The final accounting also stated that George Sr.’s “sole and only heirs at law” were his seven remaining children. Pattie did not include George Jr.’s eleven children, although they were all adults.
 

 ¶ 8. No claims were probated against the Estate of George Sr. Thus, all of his personal and real property passed to his seven surviving children. George Jr.’s children did not inherit anything from George Sr.
 

 ¶ 9. Over the years, George Sr.’s children all passed away. When each child died, his or her portion of the family land received from George Sr.’s estate passed to the remaining brothers and sisters. None of George Sr.’s remaining children had children of their own or spouses.
 

 ¶ 10. The youngest child of George Sr., Mace, passed away on February 20, 2009, in Hinds County, Mississippi. Mace prepared his Last Will and Testament on February 10, 2003. In his will, Mace named his brother, Theodore Roosevelt (Roosevelt), as executor and Gardner as successor executrix. Roosevelt predeceased Mace on March 10, 2005. Mace did not update his will after his brother passed away. Gardner was Mace’s caretaker until his death, and during his later years, Gardner had power of attorney over Mace’s bank accounts and financial assets.
 

 ■ ¶ 11. In his will, Mace left all of his real and personal property to his brother, Roosevelt. The will also included a “Secondary Disposition,” which distributed Mace’s property to Ethel Mace and Queen Esther Jackson (his nieces by George Jr.), Gardner (his great-niece by Luevester Hayes), Shirley Thompson, Patti R. Patterson (who predeceased Mace), Cynthia Wells (who predeceased Mace), Nita Reed
 
 *1267
 
 (who predeceased Mace), Loreen Cross Toliver, and Rosetta Cross Gladney. Neither Stewart nor O’Neal were included in Mace’s will. Gardner offered Mace’s last will and testament to probate in the chancery court on May IB, 2009. The court appointed Gardner as executrix and authorized the issuance of letters testamentary to her.
 

 ¶ 12. Before the will was probated, O’Neal filed for a restraining order and an injunction against Gardner on March 23, 2009, to prohibit Gardner from selling any of the timber or gravel on the real property owned by Mace, and also to stop Gardner from distributing any of Mace’s personal property. O’Neal claimed that she had standing to contest Gardner’s actions because she was Mace’s grand-niece and, thus, a lawful heir. Stewart also filed a similar petition for injunction and restraining order against Gardner on September 18, 2009, claiming that she had standing as Mace’s grand-niece and lawful heir.
 

 ¶ IB. The petitions stated that the grand-nieces sought to protect Mace’s “rightful heirs,” and included Mace’s nieces and nephews (George Jr.’s remaining children): Stanford Berry Mace, Velma Mace Burks, Clara Mace Winston, Luevester Mace Hayes, Roscoe P. Mace, Queen Ester Mace Jackson, Mynetta Mace Smith, Aileen Mace Moore, Robert Earl Mace, Ethel Elaine Mace, and Huey Prince Mace. However, the grand-nieces did not amend the petitions to include this list of “rightful heirs” as parties to the suit. Stewart also filed a petition to contest Mace’s will, which was nearly identical to her petition for a temporary restraining order and injunction.
 

 ¶ 14. Gardner answered O’Neal’s and Stewart’s petitions on September 22, 2009, by stating that the petitions failed to state a claim for which relief could be granted and should be dismissed. Gardner also asserted that O’Neal and Stewart should be sanctioned under Rule 11 of the Mississippi Rules of Civil Procedure because the allegations in the petitions were “false,” “frivolous,” and “filed for the purpose of harassment.”
 

 ¶ 15. Gardner also filed motions for summary judgment on September 24, 2009, against both of the grand-nieces, and she filed a motion to consolidated the two cases, which the chancellor granted on January 7, 2010. During the summary-judgment hearing, the grand-nieces both argued that they were fraudulently excluded from Mace’s will because an oral promise had been made upon George Sr.’s death that George Sr.’s property would descend to them after the surviving children of George Sr. had all passed away. However, no evidence was submitted to support their oral assertions.
 

 ¶ 16. The chancery court gave the grand-nieces ten days to file their respective briefs. Gardner filed her brief on April 9, 2010, and Stewart filed hers on April 7, 2010. O’Neal failed to submit a brief or respond to the motion for summary judgment. The chancery court granted summary judgment in favor of Gardner on May 19, 2010. In its final order, the chancery court stated that no genuine issues of material fact were presented because neither grand-niece had raised any issue of Mace’s testamentary capacity or undue influence. Because O’Neal and Stewart were grand-nieces of Mace, they were not real parties in interest per Rule 17(a) of the Mississippi Rules of Civil Procedure. As such, the grandnieces lacked standing to contest their great-uncle’s will.
 

 STANDARD OF REVIEW
 

 ¶ 17. We review de novo a chancery court’s grant or denial of a summary judgment.
 
 Williams v.
 
 Williams, 43 So.3d 517, 520 (¶ 12) (Miss.Ct.App.2010). The
 
 *1268
 
 evidence is viewed in the light most favorable to the non-moving party.
 
 Id.
 
 (citation omitted). If no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate.
 
 Id.
 

 DISCUSSION
 

 I. Statute of Limitations
 

 ¶ 18. The grand-nieces argue that the chancellor erred by granting summary judgment in favor of Gardner, because the fraud that was committed when George Sr. died intestate over sixty-five years ago tolled the statute of limitations. The grand-nieces claim that Pattie committed fraud when she served as administratrix of George Sr.’s estate in 1944 by intentionally “hiding” the eleven known heirs of George Jr. from the court. None of George Jr.’s children received any portion of their grandfather’s estate upon George Sr.’s passing. Thus, they argue the property that Mace attempted to distribute in his will was invalid.
 

 ¶ 19. We find this argument unconvincing. The statute of limitations for challenging the administration of an estate is four years after the qualification of an administrator. Miss.Code Ann. § 15-1-25 (Rev.2003). Pattie probated George Sr.’s estate in 1944. When George Sr. died, his eleven grandchildren by his deceased son, George Jr., were all adults. Yet none of George Jr.’s children challenged the distribution of the property at that time, despite the grand-nieces’ admission that the grandchildren were aware that Pattie did not include them in the distribution of property.
 

 ¶ 20. An administratrix has an affirmative duty to disclose to the court “the existence of known potential heirs and claimants.”
 
 Smith ex rel. Young v. Estate of King,
 
 501 So.2d 1120, 1123 (Miss.1987). Because of this affirmative duty, the grand-nieces contend that Pattie’s nondisclosure constituted concealed fraud, which tolled the statute of limitations. Miss. Code Ann. § 15-1-67 (Rev.2003).
 

 ¶21. To toll a statute of limitations based upon fraud, a plaintiff must prove: “(1) that the defendant ‘engaged in affirmative acts of concealment,’ and (2) despite investigating with due diligence, the plaintiff was unable to discover the claim.”
 
 Nygaard v. Getty Oil Co.,
 
 918 So.2d 1237, 1242 (¶ 22) (Miss.2005) (citations omitted). The grand-nieces admit that all of George Jr.’s children lived on the family land in question after George Sr. had died and were aware of the probate of his estate. The grand-nieces provided no evidence to prove that Pattie concealed the distribution of George Sr.’s estate, or that George Jr.’s children were unable to discover the transfer of property.
 

 ¶ 22. We find the grand-nieces’ argument that Pattie committed concealed fraud is without merit. Since any alleged fraud was not concealed, the statute of limitations was not tolled. Thus, there are no genuine issues of material fact, and Gardner was entitled to judgment as a matter of law.
 
 [1]
 
 Accordingly, summary judgment was proper.
 

 
 *1269
 

 II. Lesser Sanctions
 

 ¶ 23. The grand-nieces further argue that the chancery court should not have dismissed their case with prejudice because lesser sanctions were “available and warranted.” We find this argument is without merit. The grand-nieces are barred by the statute of limitations and would not be able to bring another suit to contest Mace’s will or George Sr.’s estate, even if the chancellor had dismissed the case without prejudice. Due to the statutory bar, the final order dismissing the case with prejudice was appropriate. Accordingly, we affirm the chancery court’s judgment.
 

 ¶ 24. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Although neither party raised this issue on appeal, we note that by operation of law, in the absence of a will, title of real property vests immediately in the heirs at law upon the owner’s death.
 
 In re Will of Wilcher v. Wilcher,
 
 994 So.2d 170, 176 (¶ 12) (Miss.2008). While real property does not pass through an estate in such a situation, the fact that the chancery court in this case entered an order to establish title in certain family members constitutes a hostile taking. Further, the family members who were excluded by the court’s order over forty years ago continued to live on the land in question, without seeking any adjudication of their rights. Thus, it appears that the elements for adverse possession have long since been satisfied. Accordingly, the appellants are also barred by the statute of limitations for adverse possession. Miss.Code Ann. § 15-1-7 (Rev.2006).