DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 57. While I agree that a testator’s intent is paramount, it is a dangerous precedent for this Court to guess that intent with no more to go on than we have here. The testator’s responsibility is to make the will as clear as possible; and our duty is to give due consideration and weight to every word in the will or codicil.[9] And under a strict reading of the codicil, there is no question that the proceeds of the timber sale should go into the corpus of the trust.
¶ 58. The codicil directs that any income not distributed to Emogene was to “be added to and become part of the corpus of this trust.” And “[t]he balance of the corpus of the trust [was to] be divided equally among” the six named charities. *608 For us to overrule that language for what the majority believes the testator surely must have intended to do, is wrong. We have no right to disregard the words chosen by the testator in order to accomplish what we believe is a fair disposition of the estate.[10]
¶ 59. Here, the timber sale produced income — the will says nothing about the source of income — that was not used for Emogene’s support. If we follow the dictates of the will, that income must be added to the corpus of the trust. The chancery court, therefore, did not abuse its discretion in finding that the trustee acted properly in distributing the timber-sale proceeds.

. Weissinger v. Simpson, 861 So.2d 984, 987 (Miss.2003) (citing Matter of Homburg, 697 So.2d 1154, 1157 (Miss.1997)).

. In re Estate of Dedeax, 584 So.2d 419, 421 (Miss.1991) (citations omitted).